IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

EMMANUEL S. YIRENKYI,     :    No. 3:25cv2414
      Petitioner              :
                              :    (Judge Munley)
  v.                        :
                              :
ANGELA HOOVER, Warden of the  :
Clinton County Correctional Facility, :
et al.,                     :
      Respondents            :

## MEMORANDUM

Emmanuel S. Yirenkyi is an immigration detainee in the custody of the United States Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"). He is currently detained at the Clinton County Correctional Facility in McElhattan, Pennsylvania pursuant to an intergovernmental service agreement.

Yirenkyi commenced this action by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2241.[1] (Doc. 1). Yirenkyi seeks immediate release

---

[1] Like many recent filings by pro se litigants, Yirenkyi's petition and traverse were drafted with the aid of generative artificial intelligence. The court sees two issues with petitioner's reliance on AI. First, his petition analyzes several seminal cases but omits controlling Third Circuit case law, German Santos v. Warden Pike Cnty. Corr. Facility, 965 F.3d 203 (3d Cir. 2020). Second, and more troublesome, Yirenkyi's traverse cites cases from the Middle District of Pennsylvania which do not exist—further examples of legal hallucinations created by large language models. (See Doc. 11 at 7 (citing "Frederick v. Warden, 2019 WL 1318445 (M.D. Pa. Mar. 22, 2019)" and "Rodriguez v. Lowe, 2018 WL 683974 (M.D.Pa. Feb. 2, 2018)"). Yirenkyi cites these two cases to argue that "[c]ourts have found detention in the 8–10 month range constitutionally significant and requiring a release or a bond hearing[.]" Id. Although "Rodriguez" would appear to involve a detainee held at the Pike County Correctional Facility

from detention under conditions of supervision. In the alternative, he seeks a "constitutionally compliant" bond hearing with an immigration judge ("IJ").

"[T]he Fifth Amendment entitles aliens to due process of law in deportation proceedings." Reno v. Flores, 507 U.S. 292, 306 (1993). Based on the record and for the reasons discussed below, due process compels a bond hearing with an IJ conducted in accordance with German Santos v. Warden Pike Cnty. Corr. Facility, 965 F.3d 203 (3d Cir. 2020).

**Background**

Yirenkyi was born in Ghana in 1994. (Doc. 1-5). He has lived in the United States since December 31, 2012. Id. He was issued a permanent resident card by United States Customs and Immigration Services. Id. Yirenkyi has a four-year-old child, a United States citizen. (Doc. 1-6). He asserts that he is the only caregiver for his mother. (Doc. 1 at ECF p. 14).

On September 13, 2023, Yirenkyi pled guilty to conspiracy to commit bank fraud and conspiracy to commit access device fraud in the United States District Court for the District of New Jersey, United States v. Yirenkyi, No. 1:23-CR-723-

---

where Craig Lowe is the warden, the Westlaw citation provided for that "case" directs to a family court decision from Québec (in French). No case in this district stands for the proposition that detention in the 8–10 month range requires release or a bond hearing, at least since German Santos was decided in July 2020. To be sure, the court has researched decisions from the Middle District of Pennsylvania since that time and supplied its findings in an appendix to this memorandum. In this instance, no show cause order will be issued regarding any possible sanctionable conduct. The petitioner is *pro se*, in ICE custody at a county jail, and appears to be relying on outside sources to supply him with legal materials.

2

CPO-1 (D.N.J.), (Doc. 8-3 at 13). The Honorable Christine P. O'Hearn sentenced the petitioner to six (6) months imprisonment in August 2024.[2] Id. at 14. Judge O'Hearn further sentenced petitioner to a five (5) year term of supervised release. Id. at 15. Yirenkyi is thus a convicted felon.

The judgment in his criminal case indicates that Yirenkyi is subject to special conditions of supervised release, including the Location Monitoring Program administered by U.S. Probation. Id. at 15. Specifically, he must submit to home detention for a period of six (6) months, but is able to leave his residence for employment, education, and religious services. Id. He is required to undergo mental health treatment in a program approved by the U.S. Probation Office. Id. A condition of supervised release also includes cooperation with ICE. Id.

Following his conviction and sentence, Yirenkyi was charged with being a removable alien pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii). (Doc. 8-1). In the removal proceedings, the government alleges that petitioner's conviction was an aggravated felony, i.e., that the loss in his case exceeded $10,000. Id.

On April 7, 2025, an IJ ordered the petitioner removed to Ghana. (Doc. 8-4). Yirenkyi then appealed to the Bureau of Immigration Appeals ("BIA"). On

---

[2] Defendant filed a *pro se* appeal of his conviction and sentence in February 2025. That appeal remains pending. See United States v. Yirenkyi, No. 25-1294 (3d Cir.).

3

September 30, 2025, the BIA denied his appeal. (Doc. 8-6). Yirenkyi subsequently filed a Petition for Review with the United States Third Circuit Court of Appeals.[3] A temporary stay of removal has been entered by the appellate court pending full consideration of Yirenkyi's motion to stay. See <u>United States v. Yirenkyi</u>, No. 25-3113 (3d Cir.), (Doc. 3).

On December 15, 2025, Yirenkyi filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his continued immigration detention. (Doc. 1). In that petition, Yirenkyi seeks immediate release or an individualized bond hearing before an IJ. <u>Id.</u> The government filed a response to the petition on January 6, 2026, (Doc. 8), and the Clerk of Court docketed Yirenkyi's traverse on January 27, 2026, (Doc. 11).

From the record provided by respondents, Yirenkyi has been in ICE custody since April 15, 2025, or presently for 9.5 months. (Doc. 8-1 at 1; Doc. 8 at 8, Doc. 8-7, BOP Inmate Locator Result). This is generally not considered an unreasonable amount of time in immigration detention. However, due primarily to the conditions of confinement and the supervised release provisions in Yirenkyi's criminal sentence, the petition for writ of habeas corpus will be

---

[3] Claims regarding the length of immigration detention without a bond hearing do not get funneled into the Petition for Review process. <u>Khalil v. President, United States</u>, No. 25-2162, --- F.4th ----, 2026 WL 111933, at *12 (3d Cir. Jan. 15, 2026)

granted. In this petitioner's specific circumstances, his detention has become unreasonable, and he has a due process right to a bond hearing.

**Jurisdiction**

Under 28 U.S.C. § 2241(c), a prisoner or detainee may receive habeas relief when he "is in custody in violation of the Constitution or laws or treaties of the United States." See 28 U.S.C. § 2241(c)(3); Maleng v. Cook, 490 U.S. 488, 490 (1989). Yirenkyi filed the instant petition while he was detained within the jurisdiction of this court. He remains in ICE custody at the Clinton County Correctional Facility. Clinton County is located within the boundaries of the United States District Court for the Middle District of Pennsylvania. 28 U.S.C. § 118(b). Consequently, the court has jurisdiction over his Section 2241 petition. See 28 U.S.C. § 2241(a) ("Writs of habeas corpus may be granted by…the district courts…within their respective jurisdictions.").

**Analysis**

Yirenkyi contends that his immigration detention has become prolonged and unconstitutional. Based on the government's response to the petition and the case law cited by Yirenkyi, the parties agree that he is currently detained pursuant to 8 U.S.C. § 1226(c). Section 1226(c) applies to the detention of a "criminal alien," including those who are "deportable by reason of having

5

committed any offense covered" in 8 U.S.C. § 1227(a)(2)(A)(iii), the provision the government argues is applicable to Yirenkyi.[4]

Section 1226(c) does not limit the length of the detention it authorizes, Jennings v. Rodriguez, 583 U.S. 281, 303 (2018), but "a petitioner may still bring an as-applied constitutional challenge alleging that his continued detention has become unconstitutional under the Due Process Clause of the Fifth Amendment." Ibrahim v. Superintendent of Miami Corr. Facility, No. 1:25-CV-00727, 2026 WL 116489, at *4 (M.D. Pa. Jan. 15, 2026) (Wilson, J) (citing German Santos, 965 F.3d at 208–09); see also Zadvydas v. Davis, 533 U.S. 678, 690 (2001) ("statute[s] permitting indefinite detention of an alien would raise a serious constitutional problem"). In such as-applied challenges, "when detention becomes unreasonable, the Due Process Clause demands a hearing." German Santos, 965 F.3d at 210 (quoting Diop v. ICE/Homeland Sec., 656 F.3d 221, 233 (3d Cir. 2011), abrogated in part on other grounds by Jennings, 583 U.S. at 304–05.[5]

---

[4] An "alien" means any person not a citizen or national of the United States. 8 U.S.C. § 1101(a)(3). "Any alien who is convicted of an aggravated felony at any time after admission is deportable." 8 U.S.C. § 1227 (a)(2)(A)(iii). An "aggravated felony" includes "an offense that…involves fraud or deceit in which the loss to the victim or victims exceeds $10,000." 8 U.S.C. § 1101(a)(43)(M).

[5] Jennings did not call into question the holding in Diop that detention under Section 1226 may violate due process if unreasonably long. Borbot v. Warden Hudson Cnty. Corr. Facility, 906 F.3d 274, 278 (3d Cir. 2018).

The question to be answered is whether the petitioner's detention is reasonable—"a 'highly fact-specific' inquiry." Id. (quoting Chavez-Alvarez v. Warden York Cty. Prison, 783 F.3d 469, 474 (3d Cir. 2015), abrogated in part on other grounds by Jennings, 583 U.S. at 304–05).[6] In this circuit, there is a non-exhaustive list of four factors to consider in assessing whether an alien's detention has grown unreasonable: 1) duration of detention; 2) whether the detention is likely to continue; 3) the reasons for the delay; and 4) whether the conditions of confinement are meaningfully different from criminal confinement. Id. at 211 (citations omitted). By its very nature, the use of a balancing framework makes any determination of reasonableness a fact-intensive proposition. See Chavez-Alvarez, 783 F.3d at 474.

**_Duration of Detention_** – Duration of detention is the most important factor. German Santos, 965 F.3d at 211. Under the case law, "[t]here is no presumption of reasonableness or unreasonableness of any duration." German Santos, 965 F.3d at 211 (citing Chavez-Alvarez, 783 F.3d at 474 n.7; Diop, 656 F.3d at 234). After five (5) months, however, "the constitutional case for continued detention without inquiry into its necessity becomes more and more suspect as detention

---

[6] Jennings did not abrogate the holdings in Diop and Chavez-Alvarez that Section 1226(c) is unconstitutional "when applied to detain an alien an unreasonably long [time] without a bond hearing." German Santos, 965 F.3d at 210.

7

continues[.]" Diop, 656 F.3d at 234 (discussing Demore v. Kim, 538 U.S. 510, 530 (2003)).

With respect to the first and most important consideration, Yirenkyi has been detained by DHS since at least April 15, 2025, or 9.5 months. At least one court within the appellate jurisdiction of the Third Circuit has determined that a nine-month period was an unreasonably long time where DHS appealed an IJ decision granting asylum and there was "no end in sight" to the detention. Mashchenko v. Rokosky, No. CV 25-12387 (RK), 2026 WL 185204, at *3 (D.N.J. Jan. 25, 2026) (Kirsch, J.) (quoting German Santos, 965 F.3d at 213) (applying factors to Section 1225(b) family-separation detention); see also A.L. v. Oddo, 761 F. Supp. 3d 822, 826 (W.D. Pa. 2025) (holding that detention of ten months weighed in favor of a bond hearing for a 1225(b) detainee under the German Santos factors).

Such cases appear to be outliers when compared to decisions within the Middle District of Pennsylvania. See Appx. Because 9.5 months is less than the periods typically found unreasonable in this district, the undersigned finds that the duration factor weighs against relief at this time.

With that said, there are no bright lines in the reasonableness analysis. See Chavez-Alvarez, 783 F.3d at 474, n.7. The Fifth Amendment requires a more granular look at the other facts of this case.

***Likelihood of Continued Detention*** – As to whether detention will continue, the court finds that Yirenkyi's detention will continue into the foreseeable future. Yirenkyi is detained on a pre-final order of removal. His appeal to the BIA was summarily dismissed for "not contain[ing] statements that meaningfully apprise the Board of specific reasons underlying the challenge to the [IJ's] decision." (Doc. 8-6 at ECF p. 4). His appeal of the BIA decision has been pending with the Third Circuit since October 2025. A motion to stay removal has also been pending since that time. The court cannot reasonably determine how long Yirenkyi's appeal will be pending before the Third Circuit or forecast whether it will be remanded. There will be a delay of undefined duration. See Davydov v. Doll, No. 1:19-CV-2110, 2020 WL 969618, at *5 (M.D. Pa. Feb. 28, 2020) (Kane, J). "When the alien's removal proceedings are unlikely to end soon, this suggests that continued detention without a bond hearing is unreasonable." German Santos, 965 F.3d at 211 (3d Cir. 2020). Consequently, this factor weighs in favor of relief.

***Reasons for the Delay*** - The third factor considers the reasons for the delay, "such as a detainee's request for continuances." Id. (citing Diop, 656 F.3d at 234; Demore, 538 U.S. at 531). The court also asks, "whether either party made careless or bad-faith 'errors in the proceedings that cause[d] unnecessary delay.' " Id. (quoting Diop, 656 F.3d at 234).

9

In this case, the government has indicated that Yirenkyi's conduct prevented meaningful review by the BIA because he did not file the proper supporting documents. (Doc. 8 at 3).  However, from the BIA decision, it appears that Yirenkyi's such conduct may have been attributable to lapses with the attorneys the petitioner hired to represent him. (Doc. 6).  Consequently, the court cannot call such conduct "bad faith."  Therefore, because the petitioner has also not demonstrated that the government has acted in bad faith, this factor is neutral.  See German Santos, 965 F.3d at 212.

*Conditions of Confinement* – This factor requires a determination of whether "the alien's conditions of confinement are meaningfully different from criminal punishment." Id. at 211 (cleaned up).  Under the law, "if an alien's civil detention under § 1226(c) looks penal, that **tilts the scales** toward finding the detention unreasonable." Id. (citing Chavez-Alvarez, 783 F.3d at 478) (emphasis added).

The Clinton County Correctional Facility is a county jail.  A jail is a jail and there is no evidence that Yirenkyi is treated any different than the criminal pretrial detainees in county lockup or those inmates serving state criminal sentences of shorter durations.  Therefore, Yirenkyi's detention is indistinguishable from criminal punishment. See id. at 213 (regarding the conditions at Pike County

Correctional Facility); see also Chavez-Alvarez, 783 F.3d at 478 (regarding the conditions at York County Prison).

Additionally, the "conditions of confinement" factor and "length of detention" factors are interdependent parts of the German Santos reasonableness test. See 965 F.3d at 211 (citing Chavez-Alvarez, 783 F.3d at 478) ("And as the length of detention grows, so does the weight that" courts must give to the conditions of confinement factor). Put another way, with the interdependence of factors, the more conditions look like a jail sentence as confinement continues, the more the court must worry about due process. Id. at 212–13. Here, Yirenkyi has been held at a county jail for over nine (9) months without bail for an alleged violation of civil law. In Yirenkyi's case, this factor weighs in favor of granting relief.

**Other Considerations** – German Santos further sets forth that its four factors are a non-exhaustive list of considerations. Id. at 210. Given the purposes of Section 1226(c), the statute that Yirenkyi is being detained under, the court considers whether detention without bond in Yirenkyi's specific case "necessarily serves the purpose of preventing deportable criminal aliens from fleeing prior to or during their removal proceedings, thus increasing the chance that, if ordered removed, [petitioner] will be successfully removed." Demore, 538 U.S. at 528. Therefore, the court takes a step back and looks at the whole

picture. This birds-eye view reveals some inconsistencies within the federal system with respect to the petitioner.

First, a federal judge in Yirenkyi's criminal case granted him bond and allowed him to report to prison voluntarily. The government trusted Yirenkyi to get himself from New Jersey to a federal prison in the center of Pennsylvania.

Second, the Federal Bureau of Prisons (a federal law enforcement agency under the United States Department of Justice) evaluated Yirenkyi and assigned him to a low-security prison. In the criminal world, the BOP decided that he was a low risk. From the record provided by respondents, Yirenkyi fully served his federal prison sentence without incident in a prison environment with lower security measures. Yet, in the civil immigration world, ICE (a federal law enforcement agency under DHS) keeps Yirenkyi in a county jail.

Third, in the absence of an ICE detainer, Yirenkyi would be subject to *five years* of supervised release by the U.S. Probation Office with at least the first six (6) months spent on a strict location monitoring program. (Doc. 8-3, ECF p. 16). Upon leaving prison, Yirenkyi would have to report to U.S. Probation to be fitted for an ankle monitor and to meet with his probation officer. Instead, the petitioner is awaiting removal proceedings behind bars under the watch of a local government's prison guards. This is an irrational outcome. In a balancing test, such irrationality weighs against continued detention without a bond hearing.

***Weighing the Factors*** – While Yirenkyi has been held in detention for 9.5 months—a fact that weighs against him—the remaining circumstances reveal that his detention has become unreasonable. Yirenkyi's petition for a writ of habeas corpus will be granted.

Although Yirenkyi has requested his release, the order issued in this case will not grant that request. Rather, the petitioner is entitled to a timely bond hearing with an IJ where the government will bear the burden to justify his continued detention by clear and convincing evidence. German Santos, 965 F.3d at 214. The court will add one caveat. If the government does not provide Yirenkyi with a bond hearing within thirty (30) days, the petitioner will be ordered released and directed to comply with the supervised release provisions of the criminal sentence imposed on him by the United States District Court for the District of New Jersey.

**Conclusion**

Based on the foregoing, the court will grant Yirenkyi's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and enter an appropriate order with the terms discussed in this memorandum.

Date: 2/2/26

JUDGE JULIA K. MUNLEY
United States District Court

13

## APPENDIX

| Case | Approximate Duration of Detention Without Bond Hearing | Factor Outcome | Disposition |
|---|---|---|---|
| Shonhai v. Lowe, No. CV 3:24-229, 2025 WL 510975, at *5 (M.D. Pa. Feb. 14, 2025) (Mannion, J.). | 24 months | Weighs in favor of relief | Bond hearing granted |
| Ologbenla v. Lowe, No. 3:25-CV-1351, 2025 WL 2375272, at *3 (M.D. Pa. Aug. 14, 2025) (Munley, J.). | 24 months | Weighs in favor of relief | Bond hearing granted |
| Barradas-Jacome v. Lowe, No. 1:22-CV-1412, 2023 WL 2742741, at *3 (M.D. Pa. Mar. 31, 2023) (Conner, J.). | 22 months | Weighs in favor of relief | Bond hearing denied |
| Diahn v. Lowe, No. 1:24-cv-1936, 2025 WL 2115442, at *4 (M.D. Pa. July 11, 2025) (Bloom, C.M.J.), R&R adopted, 2025 WL 2112074 (M.D. Pa. July 28, 2025) (Munley, J.). | 19 months | Weighs in favor of relief | Bond hearing granted |
| Baptista v. Lowe, No. 1:23-CV-1666, 2024 WL 3410600, at *2 (M.D. Pa. Apr. 30, 2024) (Bloom, C.M.J.), R&R adopted, No. 1:23-CV-01666, 2024 WL 3410587 (M.D. Pa. May 7, 2024) (Mannion, J.). | 19 months | Weighs in favor of relief | Bond hearing granted |
| Elyardo v. Lechleitner, No. 1:23-CV-01089, 2023 WL 8259252, at *2 (M.D. Pa. Nov. 29, 2023) (Kane, J.). | 19 months | Weighs in favor of relief | Bond hearing granted |
| Appiah v. Lowe, No. 3:24-CV-2222, 2025 WL 510974, at *4 (M.D. Pa. Feb. 14, 2025) (Mariani, J.). | 18 months | Does not weigh in favor of relief | Bond hearing denied |
| Malede v. Lowe, No. 1:22-CV-01031, 2022 WL 3084304, at *6 (M.D. Pa. Aug. 3, 2022) (Schwab, M.J.). | 18 months | Weighs in favor of relief | Bond hearing granted |

| Case | Duration | Factor | Outcome |
|---|---|---|---|
| Clarke v. Doll, No. 3:20-CV-00031, 2020 WL 4983215, at *4 (M.D. Pa. June 3, 2020) (Saporito, M.J.), R&R adopted, 481 F. Supp. 3d 394 (M.D. Pa. 2020) (Conner, J.), app. dismissed, No. 20-3162, 2021 WL 1740271, at *1 (3d Cir. Jan. 13, 2021). | 18 months | **Weighs in favor of relief** | **Bond hearing granted** |
| Santana-Rivas v. Warden of Clinton Cnty. Corr. Facility, No. 3:25-CV-01896, 2025 WL 3522932, at *11 (M.D. Pa. Nov. 13, 2025) (Camoni, M.J), R&R adopted in part, rejected in part on other grounds, 2025 WL 3513152 (M.D. Pa. Dec. 8, 2025) (Wilson, J). | 15 months | **Weighs in favor of relief** | **Bond hearing granted** |
| White v. Lowe, No. 1:23-CV-1045, 2023 WL 6305790, at *2 (M.D. Pa. Sept. 27, 2023), **rev'd and remanded sub nom.** White v. Warden Pike Cnty. Corr. Facility, No. 23-2872, 2024 WL 4164269 (3d Cir. Sept. 12, 2024) (detention had reached 27 months). | 15 months | **Does not weigh in favor of relief** | **Bond hearing denied** |
| Saint Jacques v. Dep't of Homeland Sec., No. 1:21-CV-1144, 2021 WL 4494623, at *2 (M.D. Pa. Sept. 30, 2021) (Mariani, J.). | 14 months | **Does not weigh in favor of relief** | **Bond hearing denied** |
| Ibrahim v. Superintendent of Miami Corr. Facility, No. 1:25-CV-00727, 2026 WL 116489, at *4 (M.D. Pa. Jan. 15, 2026) (Wilson, J.). | 13 months | **Neutral factor** | **Bond hearing granted** |
| McDougall v. Warden, Pike Cnty. Corr. Facility, No. 3:23-CV-759, 2023 WL 6161038, at *2 (M.D. Pa. Sept. 21, 2023) (Mariani, J.). | 13 months | **Does not weigh in favor of relief** | **Bond hearing denied** |
| Shapovalov v. Immigr. & Customs Enf't Agency, No. 1:21-CV-0900, 2021 WL 3128747, at *3 (M.D. Pa. July 23, 2021) (Wilson, J.). | 9 months | **Does not weigh in favor of relief** | **Bond hearing denied** |

| | | | |
|---|---|---|---|
| Sydykov v. Immigr. & Customs Enf't, No. 1:21-CV-00575, 2021 WL 2222732, at *2 (M.D. Pa. June 2, 2021) (Wilson, J.). | 9 months | Does not weigh in favor of relief | Bond hearing denied |
| Acevedo v. Decker, No. 1:20-CV-01679, 2021 WL 120473, at *4 (M.D. Pa. Jan. 13, 2021) (Wilson, J.). | 9 months | Does not weigh in favor of relief | Bond hearing denied |
| Barradas-Jacome v. Lowe, No. 1:21-CV-1885, 2022 WL 256299, at *3 (M.D. Pa. Jan. 26, 2022) (Conner, J.). | 8 months | Does not weigh in favor of relief | Bond hearing denied |
| Baghdad v. Doll, No. 1:21-CV-293, 2021 WL 1391784, at *6 (M.D. Pa. Apr. 13, 2021) (Rambo, J.) | 8 months | Does not weigh in favor of relief | Bond hearing denied |
| Ema v. Wilkinson, No. 1:21-CV-00172, 2021 WL 3878289, at *5 (M.D. Pa. Mar. 17, 2021) (Schwab, M.J.), R&R adopted, 2021 WL 3871300 (M.D. Pa. Aug. 30, 2021) (Mariani, J.) | 7 months | Does not weigh in favor of relief | Bond hearing denied |
| Salau v. Hoover, No. 3:25-CV-02295, 2026 WL 49557, at *4 (M.D. Pa. Jan. 7, 2026) (Mehalchick, J). | 2 months | Does not weigh in favor of relief | Bond hearing denied |
| Ndungu v. Doll, No. 4:20-CV-2268, 2021 WL 1916700, at *5 (M.D. Pa. Apr. 9, 2021) (Arbuckle, J.), R&R adopted, 2021 WL 1910083 (M.D. Pa. May 12, 2021) (Mariani, J.) | 1 month | Does not weigh in favor of relief | Bond hearing denied |

3