IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

EMMANUEL FRIMPONG YIRENKYI, :  No. 3:25cv2414
    Petitioner      :

             :  (Judge Munley)
  v.          :

             :
ANGELA HOOVER, Warden of the  :
Clinton County Correctional Facility, :
et al.,           :
    Respondents    :

## MEMORANDUM ORDER

The court previously granted Emmanuel Frimpong Yirenkyi's petition for

writ of habeas corpus in February 2026 after he had been detained for several

months at the Clinton County Correctional Facility by Immigration and Customs

Enforcement ("ICE"). (Docs. 14–15).  Before the court are petitioner's *pro se*

motions to enforce habeas relief and to remove electronic monitoring and

Intensive Supervision Appearance Program ("ISAP") conditions.[1] (Docs. 17–18).

---

[1] As discussed in this memorandum, an immigration judge granted Yirenkyi's release from detention on bond.  Section 1226(e) of the Immigration and Nationality Act states, "[n]o court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole." 8 U.S.C. § 1226(e). Typically, this provision strips federal courts of jurisdiction to review the Attorney General's discretionary custody decisions, including bond related decisions made by an immigration judge.

After review of Yirenkyi's motions to enforce habeas relief, however the court maintains jurisdiction pursuant to 28 U.S.C. § 1331 and 2241(a).  It has the inherent power to enforce its own orders. See E.O.H.C. v. Sec'y United States Dep't of Homeland Sec., 950 F.3d 177, 194 (3d Cir. 2020). Additionally, as observed, "several courts of appeals, including the Third Circuit Court of Appeals, have concluded that district courts retain jurisdiction to determine whether a

For the reasons set forth below, the motions will be granted in part and denied in part. ICE has imposed restrictions beyond the IJ's bond order, the court's prior order, and the statute applicable to the petitioner. These restrictions continue to violate Yirenkyi's right to due process of law.

By way of brief background, Yirenkyi is a convicted felon. On September 13, 2023, Yirenkyi pled guilty to conspiracy to commit bank fraud and conspiracy to commit access device fraud in the United States District Court for the District of New Jersey, United States v. Yirenkyi, No. 1:23-CR-723-CPO-1 (D.N.J.), (Doc. 8-3 at ECF p. 14). The Honorable Christine P. O'Hearn sentenced the petitioner to six (6) months imprisonment in August 2024. Id. Having been convicted of an aggravated felony for immigration purposes, Yirenkyi was charged with being a removable alien pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii) on November 18, 2024.

Yirenkyi was detained by ICE at the Clinton County Correctional Facility under 8 U.S.C. § 1226(c) from April 15, 2025 until he was granted bond by an

---

respondent has complied with the terms of a conditional order granting habeas relief." Shonhai v. Lowe, No. CV 3:24-229, 2026 WL 538865, at *6 (M.D. Pa. Feb. 26, 2026) (Mannion, J.) (citing Gibbs v. Frank, 500 F.3d 202, 205 (3d Cir. 2007); Jensen v. Pollard, 924 F.3d 451, 454 (7th Cir. 2019); Leonardo v. Crawford, 646 F.3d 1157, 1161 (9th Cir. 2011) Gentry v. Deuth, 456 F.3d 687, 692 (6th Cir. 2006) (further citations and explanatory parentheticals omitted)). The court may also review "the legal standard underlying immigration officials' actions and to evaluate legal and constitutional claims on that basis." Quinteros v. Warden Pike Cnty. Corr. Facility, 784 F. App'x 75, 77 (3d Cir. 2019).

Yirenkyi does not challenge the bond determination itself. He challenges the unilateral decisions made by ICE following release on bond. Consequently, the court's jurisdiction has not been stripped by Section 1226(e).

2

immigration judge following a court-ordered hearing.  That bond hearing was triggered by Yirenkyi's petition for writ of habeas corpus and the court's determination that his prolonged Section 1226(c) detention had grown unreasonable. See German Santos v. Warden Pike Cnty. Corr. Facility, 965 F.3d 203, 210 (3d Cir. 2020).

On February 24, 2026, an IJ granted Yirenkyi's release upon payment of $7,500 bond.[2] (Doc. 23-4, IJ Order).  On March 6, 2026, Yirenkyi was released by ICE after payment of that bond. (Doc. 16-1, Decl. A. Campbell ¶ 3).

In granting Yirenkyi bond, an IJ determined he was not a danger to the community.  An IJ also determined that this bond amount would ensure the appearance of the petitioner at future proceedings.

As for the status of those proceedings, an immigration judge ordered the petitioner removed to Ghana on April 7, 2025. (Doc. 8-4).  Yirenkyi then appealed to the Bureau of Immigration Appeals ("BIA").  On September 30, 2025, the BIA denied his appeal. (Doc. 8-6).  Yirenkyi appealed the BIA's decision to the United States Third Circuit Court of Appeals.  That appeal remains pending. See United States v. Yirenkyi, No. 25-1294 (3d Cir.).  His removal order is not final.

---

[2] The IJ who granted Yirenkyi bond is no longer listed on the Department of Justice's website for the Elizabeth Immigration Court or Newark Immigration Court.

3

On March 3, 2026, prior to Yirenkyi's actual release from the Clinton County facility, ICE issued an Order of Supervision.  The Order of Supervision requires Yirenkyi to: 1) appear in person at the time and place specified, upon each and every request to the agency, for identification and for deportation or removal; 2) appear for a medical or psychiatric examination upon request of the agency; 3) provide information under oath about his nationality, circumstances, habits, associations and activities and such other information as the agency considers appropriate; 4) furnish written notice to a change of residence or employment 48 hours prior to such a change; and 5) assist ICE in obtaining any necessary travel documents. (Doc. 17-1).

The Order of Supervision also includes an "Other" section. Id.  That section provides, in relevant part:

> Your release is contingent upon your enrollment and successful participation in an Alternatives to Detention (ATD) program as designated by [DHS].  As part of the ATD program, you will be subject to electronic monitoring and may be subject to a curfew.  Failure to comply with the requirements of the ATD program will result in a redetermination of your release conditions or your arrest and detention.
>
> If fitted with [an ICE] GPS tracking ankle bracelet, do not tamper with or remove the device…Damaging or attempting to damage the GPD tracking ankle bracelet or its associated equipment…may result in your arrest, detention, and prosecution under 18 U.S.C. § 1361 and/or 18 U.S.C § 641, each punishable by a fine, up to ten years imprisonment, or both.

4

Id.

Yirenkyi argues that these additional restrictions are unlawful.  In respondents' opposition to Yirenkyi's motions to enforce, they argue that Section 1226(a) authorizes the conditions imposed on the petitioner's release.  The government's position requires a discussion of several provisions of the INA,

An Order of Supervision may be justified by two statutory provisions.  Before a removal order becomes final, Section 1226(a) provides statutory authority allowing for release on conditions.  After a removal order becomes final and a 90-day period has passed, Section 1231(a) provides the basis for issuing a supervision order with specific statutory conditions.  Section 1231(a) does not apply here.[3]  Only Section 1226(a) need be reviewed.

Section 1226(a) sets out the "general rule" regarding the arrest and detention of noncitizens pending a decision on removal.  Nielsen v. Preap, 586 U.S. 392, 397 (2019) (Alito, J., majority op.).  The second sentence of Section 1226(a) "generally gives the [government] the discretion either to detain the alien

---

[3] Section 1231 applies to the detention and removal of noncitizens ordered removed.  It sets forth a 90-day removal period where a noncitizen must be detained following the latest of various dates, including the date when the order of removal becomes administratively final. See 8 U.S.C. § 1231(a)(1)–(2).  After those 90 days, a noncitizen may be detained or released. 8 U.S.C. § 1231(a)(6).  If released, the noncitizen shall be subject to terms of supervision. Id. Most of the conditions imposed on Yirenkyi mirror those contemplated by Congress in passing Section 1231. Compare 8 U.S.C. § 1231(a)(3) with Doc. 17-1.  Yirenkyi, however, is not subject to a final order of removal.

5

or to release him on bond or parole." Id. (emphasis removed).  Therefore, because the statute itself contemplates "conditional parole," 8 U.S.C. § 1226(a)(2)(B), the government can release Section 1226(a) detainees on conditions like those imposed on the petitioner.  Federal regulations provide that Section 1226(a) detainees receive bond hearings at the outset of detention. Jennings v. Rodriguez, 583 U.S. 281, 306 (2018) (Alito, J., majority op.) (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

Section 1226(c) is a carve-out to Section 1226(a). See id. at 289.  It applies to noncitizens who may not be released under Section 1226(a). Id.  That is, Section 1226(c) applies to noncitizens "who were thought to pose a heightened risk[.]"  Nielsen, 586 U.S. at 398.  This subsection authorizes the arrest and detention of certain non-citizens without a chance to apply for release on bond or parole. Id.  It applies to those who are "deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D)[.]" 8 U.S.C. § 1226(c)(1)(B).

Here, the government charged Yirenkyi with being deportable under 8 U.S.C. § 1227(a)(2)(A)(iii) based on his criminal offenses. (Doc. 20-2, Resp. Ex. 2 at ECF p. 6).  Therefore, Yirenkyi's detention was governed by 8 U.S.C. § 1226(c)(1)(B), a mandatory detention statute, not Section 1226(a), a discretionary detention statute.  As discussed above, if Section 1226(a) applied

to Yirenkyi, he would have been provided with a bond hearing at the outset of detention and would not have had to resort to a habeas petition.  Clearly, the government cannot decide whether to apply Section 1226(a) or Section 1226(c) depending on the circumstances.  Respondents cannot use Section 1226(a) as a fallback position. See Diahn v. Lowe, No. 1:24CV1936, 2026 WL 84576, at *4 (M.D. Pa. Jan. 12, 2026).  Section 1226(c) will always apply — at least until any removal order becomes final.

This leads the court back to the Due Process Clause, which governs here. The Due Process Clause affords Section 1226(c) detainees with a bond hearing once their detention has become unreasonable.  German Santos, 965 F.3d at 211.  Federal district courts within the Third Circuit can order a bond hearing as habeas relief after reviewing the non-citizen's detention under a factor balancing test with additional weight placed on the duration factor.  Id. at 211–12.  Based upon German Santos, the court granted Yirenkyi habeas relief in the form of a bond hearing.  The court did not authorize ICE to impose any conditions on Yirenkyi's release if bond was granted.  By imposing conditions beyond those contemplated by the court or the IJ or the statute, ICE continues to violate the petitioner's right to due process of law. [4]  His motions to enforce will thus be

---

[4] His Order of Supervision is also duplicative.  As previously noted, Yirenkyi is subject to five years of supervised release by the United States Probation Office as the result of his criminal conviction and sentence with at least the first six (6) months spent on a strict location

granted in large part.  The court will order ICE to remove the GPS ankle monitor and invalidate the Order for Supervision.  Yirenkyi's request for an order prohibiting ICE from re-detaining the petitioner will be denied.

For the reasons set forth above, it is hereby **ORDERED** that:

1) Yirenkyi's motions to enforce, (Docs. 17–18) are **GRANTED** in part;

2) The Order of Supervision issued March 3, 2026, (Doc. 17-1), is invalid;

3) Within 24 hours, respondents shall remove the electronic monitoring device/ankle bracelet placed on the petitioner  as part of his ICE Order of Supervision;

4) To the extent that Yirenkyi seeks an injunction preventing his re-detention, that request is **DENIED**; and

5) The Clerk of Court is directed to close this case.

---

monitoring program.  (Doc. 8-3, ECF p. 16).  He is currently subject to federal home confinement supervision and will be until at least September 2026. (Doc. 17-2).  To the extent that Yirenkyi is fitted with two different ankle monitors, the ICE ankle monitor will come off today.

Date: 6/29/26

BY THE COURT:

JUDGE JULIA K. MUNLEY
United States District Court